**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**JENNIFER A. HEMEON,**

**Plaintiff,**

**v.** **Case No.: 5:25-cv-765-SPC-PRL**

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant,**
**_________________________________/**

## REPORT AND RECOMMENDATION[1]

This matter is before the court on Plaintiff's unopposed motion for attorney's fees and costs. (Doc. 17). Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), Plaintiff requests an award of attorney's fees in the amount of $8,063.95 and paralegal fees of $160.00 for a total of $8,223.95, and costs in the amount of $405.00. The attached declarations and schedules of hours confirm the attorney and paralegal hours. (Doc. 17 at 3-10). Plaintiff represents that the Commissioner has no objection to her motion.

Plaintiff asserts that she is the prevailing party in this litigation, that the Commissioner's position in the underlying action was not substantially justified and that her net worth at the time proceeding was filed was less than two million dollars.[2] On May 18,

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

[2] Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant

2026, the Court entered an Order reversing and remanding this cause back to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 14). On May 19, 2026, the Clerk entered Judgment. (Doc. 15). On August 17, 2026, Plaintiff filed his motion for attorney's fees. (Doc. 17).

Plaintiff attached a copy of the fee agreement (Doc. 22-1), which includes Plaintiff's assignment of EAJA fees to her counsel. Given the assignment, Plaintiff requests (and the Commissioner agrees) that the payment should be made payable to Plaintiff and delivered to Plaintiff's counsel unless Plaintiff owes a federal debt. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

Pursuant to the provisions of the Equal Access to Justice Act (28 U.S.C. § 2412(d)), Plaintiff's motion for attorney's fees (Doc. 17) should be **granted.** Plaintiff should be awarded attorney's fees in the amount of **$8,063.95** and paralegal fees of **$160.00** for a total of **$8,223.95,** and costs in the amount of **$405.00** to be paid pursuant to the judgment fund. Payment should be authorized to Plaintiff's counsel if the Commissioner determines Plaintiff does not owe a debt to the government.

Recommended in Ocala, Florida on August 19, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

---

had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy